# 𝕮𝖆𝖘𝖊𝖘

# SECOND DEPARTMENT

IN THE

# APPELLATE DIVISION,

## April, 1903.

---

SAMUEL J. WILLIAMS, Respondent, v. ABRAHAM C. BROWN and
Others, Appellants.*

*Check of a third person given in payment for goods — when a failure to present it
until the bank has failed does not prevent the vendor of the goods from recovering
the price thereof from the vendee.*

Where a vendee of goods delivers the check of a third party to the vendor in
conditional payment for the goods, the failure of the vendor to present the
check to the bank upon which it is drawn until after such bank has become
insolvent will not prevent him from recovering the purchase price of the goods
from the vendee, where it appears that the drawer of the check has settled with
the bank in such a way as to incur no loss by reason of its failure, and conse-
quently could not successfully resist the enforcement of the check by the
vendee.

APPEAL by the defendants, Abraham C. Brown and others, from
a judgment of the Municipal Court of the city of New York,
borough of Brooklyn, in favor of the plaintiff, entered on the 5th
day of June, 1902.

*Hamilton R. Squier*, for the appellants.

*Robert L. Luce*, for the respondent.

---

* This opinion was handed down in February, 1903, and was reported in 80
Appellate Division, 628, among the "cases not reported in full." It was subse-
quently decided to report the case here in full.

PER CURIAM:

This case was before the Appellate Division at the July term in 1900, when a judgment in favor of the plaintiff was reversed on account of the unexplained delay of the plaintiff in collecting the check which was given in conditional payment for the goods sold and delivered. (53 App. Div. 486.)

Upon the trial which the present appeal brings up for review is was made distinctly to appear that the person whose check upon the Perth Amboy Bank was given in payment of the plaintiff's account had settled with that bank in such a way as to incur no loss by reason of the failure of the institution. Under these circumstances the delay in the presentation of the check did him no damage and would not be available to him as a defense in case the defendant, should endeavor to enforce payment thereof. As it is now claimed that the defendants have not actually paid for the property which they purchased from the plaintiff, and that the plaintiff has in no wise harmed them or the maker of the check by his manner of dealing with it, it follows that the judgment is right and should be affirmed.

Present — GOODRICH, P. J., BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ.

Judgment of the Municipal Court affirmed, with costs.